IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| WALTER RICHARD FRANKLIN #08035544, Petitioner, | § § § § | |
| v. | § § | 3:09-CV-1192-L |
| PARDONS AND PAROLE, et al., Respondents. | § § § | |

**FINDINGS, CONCLUSIONS AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

Pursuant to the provisions of 28 U.S.C. § 636(b), and an order of the District Court in implementation thereof, this case has been referred to the United States Magistrate Judge. The findings, conclusions and recommendation of the Magistrate Judge, as evidenced by his signature thereto, are as follows:

FINDINGS AND CONCLUSIONS:

Type of Case: This is a *pro se* petition for habeas corpus relief submitted by a county inmate pursuant to 28 U.S.C. § 2254.

Parties: Petitioner is currently confined at the Dallas County Jail in Dallas, Texas. Respondents are the Board of Pardons and Parole (Board), and the Dallas County Jail. The court did not issue process in this case, pending preliminary screening. On July 28, 2009, the magistrate judge issued a questionnaire to Petitioner, who filed his answers thereto on August 18, 2009.

Statement of the Case: In 1989, Petitioner was convicted of burglary of a habitation and sentenced to thirty-three years imprisonment in cause number F88-91800, Criminal District Court Number Five of Dallas County. Petitioner was released to parole after serving part of his

sentence. On or about June 24, 2008, his parole was revoked for an unspecified violation. He is presently awaiting trial on a new burglary charge in cause number F08-72305.

This is Petitioner's second federal habeas petition seeking relief from his parole revocation. His first action is presently pending review of Magistrate Judge Jeff Kaplan's findings and conclusions, filed on April 7, 2009, which recommended that the habeas petition be dismissed without prejudice for failure to exhaust state court remedies. *Franklin v. State of Texas, Pardons and Parole Division*, 3:09cv0478-N (N.D. Tex.). In this action, Petitioner alleges his parole was revoked on the basis of hearsay evidence, the Board twice rejected his motion to reopen the parole revocation hearing, and the hearing was conducted before the filing of any new criminal charge.

Findings and Conclusions: This action is governed by the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA), which provides in pertinent part that a state prisoner must exhaust all available state court remedies before a federal court will consider the merits of his claims. 28 U.S.C. § 2254(b) and (c); *Rhines v. Weber*, 544 U.S. 269, 274, 125 S. Ct. 1528 (2005). The exhaustion requirement is designed to "protect the state court's role in the enforcement of federal law and prevent the disruption of state judicial proceedings." *Rose v. Lundy*, 455 U.S. 509, 518, 102 S. Ct. 1198 (1982); *see also Rhines*, 544 U.S. at 274. Exhaustion of state court remedies "is satisfied when the substance of the federal habeas claim has been fairly presented to the highest state court." *Morris v. Dretke*, 379 F.3d 199, 204 (5th Cir. 2004) (quoting *Mercadel v. Cain,* 179 F.3d 271, 275 (5th Cir. 1999)). A Texas prisoner challenging his parole revocation may satisfy that requirement by presenting both the factual and legal substance of his claims to the Texas Court of Criminal Appeals in an application for a state writ of habeas

2

corpus pursuant to Tex. Code Crim. Proc. art. 11.07. *See Board of Pardons & Paroles ex rel. Keene v. Court of Appeals for Eighth Dist.,* 910 S.W.2d 481, 483 (Tex. Crim. App. 1995).

In answer to the magistrate judge's questionnaire, Petitioner concedes that he did not present any of his claims to the Texas Court of Criminal Appeals in a state habeas application. (*See* Answer to Question 2).[1] Therefore, Petitioner has failed to exhaust his state court remedies, and his petition must be dismissed.

RECOMMENDATION:

For the foregoing reasons, it is recommended that the petition for a writ of habeas corpus be dismissed without prejudice for failure to exhaust state court remedies. *See* 28 U.S.C. § 2254(b) and (c).[2]

A copy of this recommendation will be transmitted to Petitioner.

Signed this 22nd day of September, 2009.

                                               WM. F. SANDERSON, JR.
                                               UNITED STATES MAGISTRATE JUDGE

NOTICE
A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of this report and recommendation must file specific written objections within 10 days after being served with a copy. *See* 28 U.S.C. §

---

[1] The court takes judicial notice of the attached print out from the Dallas County website confirming that Petitioner never filed a state writ of habeas corpus in connection with his conviction and/or parole revocation in cause number F88-91800.

[2] The court cautions Petitioner that the 1996 amendment to the habeas corpus statute imposes a one-year statute of limitations for filing habeas corpus petitions in federal court, *see* 28 U.S.C. § 2244(d), and that this provision is applicable to this and any subsequent petition that Petitioner may file in this court.

636(b)(1); FED. R. CIV. P. 72(b).  In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found.  An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific.  Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error.

**ATTACHMENT**